[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION (#351)
The marriage of the parties was dissolved on May 20, 1980. A written separation agreement was incorporated by reference into the decree of dissolution. It provided for, inter alia, alimony and support. The following provisions concerning alimony and support are relevant here:
 It is further understood and agreed that this Agreement is based on the Husband's statement that his current income is $80.000. It is further agreed that the Wife may earn $16,000 per year and the Husband may earn $95,000 per year before any modification may be requested. Further, the Husband may not request modification unless his income is below $70.000 per year. Nothing contained herein however, shall be construed to indicate that in any of these events is modification automatic. . . (Emphasis added).
The dissolution was only the beginning of increased hostilities between the parties. It will serve no useful purpose to recount those here. The motion presently before the court is the defendant's motion for modification (#351). In it, he requests that the court modify his alimony obligation to the plaintiff "as he has experienced a material change in circumstances which results in a salary of less than the minimum threshold amount as incorporated into the divorce decree." For full context, it should be noted that the plaintiff has filed two motions for contempt, post-judgment (#352 and #353), alleging in the latter that the defendant has failed to make the alimony CT Page 10122 payment for June, 1998.
The threshold issue before the court is whether the defendant is precluded from requesting a modification until the conclusion of this calendar year. The plaintiff answers affirmatively. She argues that the separation agreement is clear and unambiguous, and should be given literal effect by the court. Therefore, according to her, because the calendar year — 1998 — has not concluded, there is no way the court can know the defendant' s year-end earnings, and the request for modification is premature. The defendant argues the negative position. He says, in effect, that his present earnings must be annualized and that, therefore, he is not barred from seeking a modification before the end of the calendar year 1998.
It is axiomatic that a separation agreement incorporated into a decree of dissolution is construed according to general contract principles. See, Legg v. Legg, 44 Conn. App. 303, 306
(1997). Moreover, "[w]here the language of the [dissolution agreement] is clear and unambiguous, the [agreement] is to be given effect according to its terms. A court will not torture words to import ambiguity, where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted; citation omitted; brackets in original). Issler v. Issler, 50 Conn. App. 58, 63 (1998).
This court believes that the language. "The husband may not request modification unless his income is below $70,000 per year", is clear and unambiguous. "Per year" means what it plainly says, and that is, per calendar year. See, Cogan v. Cogan,186 Conn. 592, 596-7 (1982). To say otherwise would be to twist the phrase unreasonably.
The defendant contends that this conclusion was unintended and inequitable. This court would say, however, that had the parties intended to reach a different result, it would have been simple enough to do. Rather than use the language "per year", the parties could have said that the defendant may not request modification unless his income is below $70,000 "on an annualized basis", "in the preceding twelve months", or the like. However, the parties failed to use such language. See. Anderson v. Pension Retirement Board, 167 Conn. 352, 356 (1994). Second, the defendant complains that the court's interpretation is against "common sense." He posits this situation: "Suppose that the CT Page 10123 defendant was incapacitated in-January of a given year. Is he required to wait eleven months to modify?" The simple and correct answer to that, is that those are not the facts here. Rather, as the defendant states in his brief, the defendant is now, and was at the time of the divorce in 1980, a commissioned institutional equities salesman. The court can note that the nature of commissions may not be as regular as a salary. It may well be that while the defendant's income is not steady, it does even out on a yearly basis, as in some other professions. See, e.g.,Collier v. Collier, 1995 Ct. Sup. 14287 CONN. L. RPTR. (judicial district of Danbury, December 28, 1995) (Axelrod, J.). As yet another court remarked in a different case, "[t]o put it in different words. the defendant s complaint [may be] a lack of cash flow to meet the court's orders" because his earnings are realized at the end of the year. Lewis v. Lewis, FA87-024451, 4 CONN. L. RPTR. 579 (judicial district of Fairfield at Bridgeport, May 22, 1991) (Bassick, J.).
Notwithstanding the above, it is inappropriate to absolutely foreclose the defendant from any relief. The court notes that, attached to his brief, the defendant has filed a financial affidavit showing no monthly income. This is, at the least, a colorable claim for a modification. Therefore, rather than deny his motion, this court continues the hearing on the motion to modify to January 25, 1999. This will accomplish two things. First, the defendant's calendar year 1998 earnings should be known. Second, in the event that there is a modification, the defendant can argue, and the plaintiff respond to, the matter of retroactivity. On this point, the court notes that it commenced its hearing on the motion to modify, on August 3, 1998.
Though this disposes of the defendant's motion for modification, it does not address the plaintiff's motions for contempt. This court has the discretion to sever a hearing on the contempts from a hearing on the modification. P.B. § 25-26(a). The court believes it is appropriate to do that here. It does not follow, per se, that an adjudication of the contempts must await an adjudication on the modification request. Therefore, the plaintiff may reclaim her motions for contempt at the present time.
So Ordered.
KAVANEWSKY, J. CT Page 10124